FILED

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2016 MAY 31  P 3: 54

| | |
|---|---|
| **Society for Human Resource Management,**<br>1800 Duke Street<br>Alexandria, VA<br>22314<br><br><br>*Plaintiff,*<br><br><br>vs.<br><br><br>**Northern California Human Resources Council,**<br>233 Sansome Street #508<br>San Francisco, CA<br>94104<br><br>*Defendant.* | Civil Action No. _1:16cv596_<br><br><br>**Complaint**<br><br><br>JURY TRIAL REQUESTED |

Plaintiff, Society for Human Resource Management ("SHRM"), for its complaint against

Defendant Northern California Human Resources Council (d/b/a "Northern California Human

Resources Association") ("NCHRA"), states and alleges as follows:

**INTRODUCTION**

1.      This is an action by SHRM for breach of contract and trademark infringement

against NCHRA.  SHRM is the world's largest human resource ("HR") professional society,

with 571 affiliated chapters and 50 state councils, each of which provides a local forum to

members and other HR professionals in a particular geographic region.  In exchange for the use

of SHRM branding, educational materials for SHRM certification, membership lists,

administrative support, and certain financial incentives, each chapter agrees to act only in

furtherance of SHRM's purposes.

1

2.      NCHRA, one of SHRM's largest affiliated chapters, serves part of Northern California.  NCHRA has intentionally violated its affiliation agreement with SHRM by (i) creating and marketing events in Seattle, Las Vegas, and Phoenix, each of which is outside of NCHRA's Northern California territory and falls within the territories of other SHRM chapters; (ii) marketing these events under the brand "HR West," which is a name intentionally designed to attract members from an area beyond Northern California; and (iii) doing so in direct contravention of SHRM's requests to stop, despite NCHRA's agreement to operate only within its designated geographic territory and to act only in SHRM's best interests.

3.      NCHRA has infringed SHRM's registered trademarks by using SHRM's name and trademarks without SHRM's consent to promote its events in Seattle, Las Vegas, and Phoenix.

4.      SHRM has been irreparably harmed and will continue to be irreparably harmed if NCHRA's actions are not enjoined.

## JURISDICTION AND VENUE

5.      The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1338(a) because this case alleges trademark infringement and 28 U.S.C. § 1332(a)(1) because the matter is between citizens of different states and the amount in controversy exceeds $75,000.

6.      This Court has jurisdiction over NCHRA because NCHRA has repeatedly transacted business in Virginia pursuant to its affiliation agreement with SHRM and has performed a substantial part of its obligations under the affiliation agreement with SHRM in Virginia.

7.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(c).

## THE PARTIES

8.      Plaintiff SHRM is an Ohio nonprofit corporation with its principal place of business in Alexandria, Virginia.

9.      Defendant NCHRA is a California nonprofit corporation with its principal place of business in San Francisco, California.

## FACTUAL BACKGROUND[1]

10.      SHRM is a world-renowned human resource professional society with more than 285,000 members worldwide.  SHRM's mission is to provide training and educational resources, act as the voice of the human resources profession, and establish and monitor professional standards.  SHRM also offers the opportunity to become certified as an HR Professional through examinations.  SHRM, originally called the American Society for Personnel Administration ("ASPA"), was formed in 1948.

11.      SHRM has registered trademarks with the U.S. Patent and Trademark Office for various marks, including the name "Society for Human Resource Management," the acronym "SHRM," and various SHRM logos.

12.      SHRM has 571 affiliated chapters.  These chapters host events, offer the opportunity to network with local professionals, and provide a forum to discuss state and local human resource and legislative issues pertaining to that area.  Membership in a chapter is separate from membership in SHRM, although SHRM and its chapters encourage their respective members to join the other organization.  Some chapters go one step further and opt to be "100% chapters" by requiring that all chapter members also maintain membership in SHRM.

---

[1]  All emphases added unless otherwise noted.

13.    SHRM also has 50 state councils, each comprised of and representing the SHRM chapters located in that state. The president of every SHRM chapter in a state serves as a representative to that state's state council. Each state council serves as a coordinating body for the chapters in its state and also provides services to SHRM national members who have not joined a local chapter. State councils often hold state-wide conferences where both chapter and non-chapter members gather. NCHRA is a member of the California State Council and has participated in California State Council meetings and events.

14.    Each year, SHRM invests at least $5 million in maintaining and supporting its chapters and state councils, through support staff, Chapter Support payments, net gains payments, SHRM's Annual Meeting, and other support activities.

15.    Each SHRM chapter serves a distinct geographic territory, which it is required to identify when petitioning to become a SHRM chapter. Historically, SHRM's Petition to Charter required an organization to identify its proposed geographic area with reference to cities and/or counties. This version of the Petition was in place when NCHRA applied to become a SHRM chartered affiliate in 1962. The current version of SHRM's Petition to Charter requires an organization to identify its proposed geographic service area by zip code.

16.    Each SHRM chapter's geographic territory is embedded in its name or branding description with reference to the region it serves; for example, SHRM chapters include the Northern Arizona Human Resource Association, Northern Virginia SHRM, Montgomery County SHRM, North Jersey-Rockland SHRM, Western North Carolina HR Association, and HR Management Association of Central Massachusetts. Examples of branded chapters include: HR Professional Development Association in Indiana, which uses Indianapolis or Indy in its

branding and marketing materials; and the Association for Human Resource Management in Missouri, which brands and markets itself as "of Greater Grand Rapids."

17.    SHRM and its chapters have agreed – consistent with longstanding practice – that each SHRM chapter will hold events and solicit memberships exclusively within its prescribed territory and market only to HR professionals located within that territory.

18.    Having each chapter operate in its designated geographic territory is in the best interests of SHRM and each of its chapters.  It allows each chapter, regardless of size or location, to ensure that it can garner local resources to support its mission.  It avoids confusion, permits each chapter to best serve human resources professionals in its territory, and permits SHRM to best assist its chapters and to serve human resources professionals worldwide.

19.    Human resource professionals are permitted to join more than one SHRM chapter, but must designate one as the "primary" chapter.  Most SHRM members join only one chapter.

20.    Restricting each chapter to a specific geographic territory serves other important functions.  For example, it facilitates SHRM's ability to share its membership information with a SHRM chapter for individuals who are located within the SHRM chapter's zip codes but who are not already members of that chapter.  This allows SHRM chapters to advertise to SHRM members within their territory who are not yet members of the chapter and is an important way for chapters to solicit new membership and attendance at chapter events, which allow each chapter to remain financially viable.

21.    SHRM designates territories based on agreed-upon service areas and zip codes and uses its global database of members to market for each chapter in their assigned operating territories (assigned zip codes).  Specifically, twice per quarter, each "Super Mega Chapter" (a chapter with more than 1,000 members, as is NCHRA) and each "100% Chapter" (a chapter in

which 100% of its members are also SHRM national members) can request that SHRM extract members from its national database within the zip codes assigned to its chapter for marketing on behalf of the chapter. SHRM provides this service to all other SHRM chapters twice per year.

22.    SHRM makes "Chapter Support" payments to each chapter on a quarterly basis for members primarily coded to that chapter. Chapters can also receive a net gains payment of $25 per member calculated at the end of the fourth quarter for year-over-year net increase in SHRM in-chapter members.

## NORTHERN CALIFORNIA HUMAN RESOURCES ASSOCIATION ("NCHRA")

23.    NCHRA is one of SHRM's oldest and largest chapters. As its name states, NCHRA serves a portion of Northern California, and its longstanding territory has been limited to a specific zip code range: 94000 to 95599.

24.    NCHRA was originally formed in 1960 as the "Northern California Industrial Relations Council" ("NCIRC"). Two years after formation, when NCIRC was still a fledgling organization with only two hundred members, NCIRC affiliated with ASPA (SHRM's predecessor).

25.    The earliest bylaws on file for NCIRC at SHRM are an unexecuted draft of bylaws dated 1970 (the "Original Bylaws"), which state that NCIRC "is affiliated with the American Society for Personnel Administration (ASPA)." The Original Bylaws state that "the NCIRC shall be divided into geographical areas to provide regional identity and equitable representation on the Board of Directors." The areas are Area I, Area II, and Area III, which together comprise 28 Northern California counties. The Original Bylaws state that all candidates for NCIRC's Board of Directors must have places of employment located within those geographical areas and that each defined Area shall elect six directors to the Board of Directors.

26.    In 1998, following a merger with the Santa Clara Valley Chapter of SHRM, NCIRC changed its name to Northern California Human Resources Association ("NCHRA"). NCHRA issued a press release confirming that the new name "still reflects the regional membership base (Northern California) and the industry (Human Resources) the members represent." (Parentheticals in original.) The press release proclaimed that "NCHRA is the largest HR professional association in Northern California" and that it has "serv[ed] the Bay Area's human resource professionals for more than 40 years[.]."

27.    On January 12, 2006, NCHRA and SHRM executed a written charter to confirm the terms of their affiliation agreement (the "Charter"). The Charter "confirms that . . . [SHRM] has conferred Chapter status upon [NCHRA]." The Charter declares that SHRM and NCHRA's chapter relationship is "for the mutual benefit of the NCHRA and SHRM and their members" and that "[t]he purposes of NCHRA must be in furtherance of the purposes of SHRM, and consistent with the SHRM bylaws[.]"

28.    The Charter states that, as a SHRM chapter, NCHRA is eligible for direct financial incentive payments from SHRM. These financial incentive payments are based on the number of NCHRA members who are also members of SHRM.

29.    To earn these financial incentive payments, NCHRA submits to SHRM a year-end report about its activities, finances, and membership roster. Based on this report, SHRM assesses whether NCHRA remains a chapter in good standing and, subsequently, issues a payment to NCHRA based on the number of its members that are SHRM members. NCHRA has submitted this report, and received payments in return from SHRM, every year starting at least as early as 2004, but it did not submit it at the end of 2015.

30.     The Charter grants NCHRA a non-exclusive right, by license, to use SHRM's

trademarked name, acronym, logo, and other marks.  NCHRA agreed that it would "not use the

Licensed Marks in any manner that is inconsistent with the purposes of SHRM or in any manner

which would damage the reputation of SHRM, or adversely affect the validity of SHRM's rights

in the Licensed Marks" and that it would "not use any of the Licensed Marks to indicate or imply

endorsement or sponsorship by SHRM without the express written consent of SHRM."

31.     The Charter also grants NCHRA a non-exclusive right, by license, to the list of

names and mailing addresses of SHRM members "within NCHRA's Territory" who are not

members of NCHRA.  NCHRA agreed to use this list only for NCHRA's "internal purposes."

32.     The Charter makes multiple references to NCHRA's geographic territory:

> 11.    Membership List:  SHRM is the exclusive owner of the names, mailing
>        addresses, e-mail addresses and telephone numbers of those individuals
>        working or living within *NCHRA's Territory* who are members of SHRM,
>        but not members of NCHRA (hereafter "At-Large-Members.")  NCHRA
>        has the non-exclusive right by this license from SHRM to use the list of
>        names, and mailing addresses of "At-Large Members" *within its territory,*
>        only for the purposes of NCHRA . . .

> 13.    Groups Wishing to Affiliate in the *NCHRA Territory*: SHRM agrees that it
>        will notify NCHRA of any groups wishing to affiliate as a chapter in the
>        *NCHRA service area.*

33.     In 2007, NCHRA amended its bylaws (the "Current Bylaws").  NCHRA

submitted the Current Bylaws to SHRM for approval, and SHRM granted the requested

approval.  The Current Bylaws confirm that "NCHRA is affiliated with the Society of Human

Resource Management (SHRM)" and state that one of NCHRA's purposes is to "be the voice of

the profession on human resource management issues *within the geography serviced.*"

34.     Other documents over the years have confirmed the parties' agreement that

NCHRA will limit its activities to its specified geographic territory.  For example:

a.  In January 1999, the SHRM Sierra Foothill Chapter merged into NCHRA. The merger agreement states that the merger was consummated with the "mission of better serving the HR profession in Northern California."

b.  The agenda from a 2001 NCHRA Board meeting states that one of NCHRA's strategic priorities for 2001 is to "be the leading source for education and information on Human Resource Management *in our membership service area.*"

c.  In 2012, NCHRA and SHRM entered into a contract, which they amended in 2014, making NCHRA a delivery partner for SHRM of SHRM certification preparation materials in NCHRA's service area. The agreement, which runs through the end of 2016, sets forth the zip code range in which NCHRA is permitted to market SHRM materials: 940 through 960.

35.    According to its website, NCHRA claims it currently serves more than 20,000 people "throughout its twelve regions in Northern California." *See* http://nchra.site-ym.com/?page=About.

36.    NCHRA markets itself as offering California-specific training and discussions on California legal and legislative developments. *See id.*

37.    On October 5, 2015, NCHRA requested that SHRM approve an amendment to NCHRA's bylaws to change NCHRA's name to "HR West." SHRM rejected this request and communicated its concerns to NCHRA that "HR West" incorrectly implied that NCHRA served the entire West coast, which would cause, among other problems, other chapters to lose their perceived value to members. SHRM sought input from the other SHRM chapters in California, who unanimously supported SHRM's rejection of the proposed name change for NCHRA.

SHRM allowed NCHRA to use the "HR West" name in a limited capacity for certain activities: its annual conference in San Francisco and its magazine.

38.    On February 19, 2016, NCHRA applied for a trademark from the U.S. Patent and Trademark Office for the name "HR West" for use in "arranging and conducting educational conferences" and publishing electronic human resources magazines.

39.    On March 7, 2016, a SHRM representative who attended NCHRA's presentations at its HR West Conference in San Francisco learned that NCHRA was planning to host conferences in Seattle, Phoenix and Las Vegas in 2016. NCHRA did not announce any specifics about these events at that time. While at that conference, SHRM's representative conveyed SHRM's disapproval of NCHRA's plans to NCHRA's President.

40.    After learning of NCHRA's intentions, SHRM informed its chapters and state councils that serve the territories where NCHRA was planning to hold events (Washington State Human Resources Council, South King County HR Association, Seattle SHRM, Lake Washington HR Association and Northwest HR Management Association in Washington; the Nevada State SHRM Council and Southern Nevada SHRM in Nevada; and SHRM of Greater Phoenix and Arizona SHRM in Arizona). SHRM also informed the California SHRM State Council and several California chapters. SHRM conveyed to the chapters and state councils its disapproval of NCHRA's purported efforts to host events within other chapters' and state councils' territories, and to expand outside NCHRA's designated territory of Northern California. The chapters and state councils shared SHRM's concerns about NCHRA's intentions.

41.    On April 21, 2016, NCHRA sent a mass email announcing the event "HR West 2016 – Seattle – HR in the Most Innovative Place on Earth" to be hosted by NCHRA on July 15,

10

2016 in Seattle, Washington (the "Seattle Event"). The email advertised a special attendance rate for SHRM members.

42.    NCHRA began advertising the Seattle Event prominently on the front page of the website it created, hrwest.org (the "HR West Website"). The footer at the bottom of the HR West Website states: "HR West by Northern California Human Resources Association © NCHRA All rights reserved."

43.    As of the date of this filing, the Seattle Event remains prominently featured on the front page of the HR West Website.

44.    The advertisement for the Seattle Event on the HR West Website declares "After 32 years of success holding the flagship event in the San Francisco Bay Area, we are thrilled to bring this phenomenal event to Seattle."

45.    The registration page for the Seattle Event offers a discounted registration fee for SHRM members and advertises five SHRM professional development credits for attendance. NCHRA never sought or obtained SHRM's consent to use SHRM's trademarks for the Seattle Event or any activities outside its agreed-upon service area.

46.    NCHRA is advertising a special "Join NCHRA" rate for attendance at the Seattle Event, to solicit new NCHRA members.

47.    The HR West Website also advertises upcoming HR conferences in Las Vegas, Nevada (October 21, 2016) (the "Las Vegas Event") and Phoenix, Arizona (December 2, 2016) (the "Phoenix Event"). The registration pages for these events offer a discounted registration fee for SHRM members and advertise five SHRM professional development credits for attendance at each event. NCHRA never sought, or obtained, SHRM's consent to use SHRM's trademarks for

these events.  These pages also advertise a special "Join NCHRA" rate for attendance at the Las

Vegas and Phoenix Events.

48.  NCHRA's calendar on its website lists numerous upcoming events, all of which

take place in cities within NCHRA's geographic territory, except the Seattle, Phoenix, and Las

Vegas events.  For example, between May 17, 2016, and July 15, 2016, NCHRA has scheduled

18 in-person events; of these 18, 17 take place in NCHRA's territory in San Francisco, San Jose,

Walnut Creek, Santa Rosa, Fairfield, Oakland, Santa Clara, and Redwood City, California.

Only the Seattle Event takes place outside of NCHRA's territory.

49.  Many of NCHRA's upcoming events present California-specific topics; for

example, "Core Competencies for practicing HR in CA" and "HR in CA: Effectively Managing

Time Off."

50.  After receiving a copy of NCHRA's email announcing the Seattle Event, on April

28, 2016, SHRM sent a letter to the President of NCHRA's Governing Board demanding that

NCHRA immediately cancel the Seattle Event because it violated the terms of NCHRA's

affiliation agreement with SHRM, that NCHRA no longer use the "HR West" brand for NCHRA

programs outside of its territory, and that NCHRA confine its programs to its agreed-upon

territory.

51.  In a letter dated April 29, 2016, but emailed to SHRM on May 5, 2016, NCHRA

rejected SHRM's requests and asserted that there is no geographic limitation to its activities and

that it would not cancel the Seattle Event, which it said "fits well with NCHRA's mission."

52.  On May 12, 2016, SHRM's CEO convened a conference call with senior SHRM

staff and NCHRA's Executive Committee to demand that NCHRA cancel the Seattle Event and

restrict its activities to its agreed-upon Northern California service area.  SHRM also demanded

that NCHRA stop its efforts to recruit NCHRA members in Seattle, outside of NCHRA's territory, by advertising a discounted attendance rate at the Seattle Event for those who join NCHRA. The NCHRA Executive Committee responded that the "Join NCHRA" rate was included in error and would be removed from its marketing for the Seattle Event. However, the NCHRA Executive Committee refused to cancel the Seattle Event, asserting that NCHRA has a responsibility to maintain the viability of its business by expanding its operations.

53. On May 13, 2016, SHRM's counsel sent a written cease-and-desist demand to NCHRA's Governing Board President, reiterating SHRM's demand that NCHRA cancel the events and restrict its activities to its agreed-upon territory.

54. NCHRA, once again, refused SHRM's demand. By letter dated and sent on May 18, 2016, NCHRA's counsel asserted that NCHRA does not have a defined geographic territory, nor do other SHRM chapters.

55. NCHRA has not removed the "Join NCHRA" rate offer from the registration pages for the Seattle, Phoenix, or Las Vegas Events.

56. To SHRM's knowledge, NCHRA is the only SHRM chapter that asserts it has no obligation to limit its activities to its geographic territory.

57. NCHRA's actions have harmed – and continue to harm – SHRM in an amount that is not yet known. NCHRA's actions threaten to undermine SHRM's longstanding chapter structure, in which SHRM invests millions of dollars to maintain annually. If NCHRA is allowed to proceed with the events, SHRM will be irreparably harmed.

13

## Count 1
## Breach of Contract

58.    SHRM repeats and restates the foregoing allegations of the Complaint as if set forth at length herein.

59.    The Charter between SHRM and NCHRA executed January 12, 2006, confirmed the terms of SHRM's and NCHRA's decades-long affiliation agreement.

60.    In exchange for the right to hold itself out to the public as a SHRM affiliate, to use SHRM's name, logo, and other marks, and to access the names and information on SHRM's member list, NCHRA agreed to operate only "in furtherance of the purposes of SHRM, and consistent with the SHRM bylaws[.]"

61.    It has long been the course of dealing of SHRM, NCHRA, and other SHRM chapters that each chapter operates only within its geographic territory and does not interfere with other SHRM chapters' territories.

62.    NCHRA has breached its agreement with SHRM by (i) organizing events outside of its Northern California territory; (ii) using SHRM's trademarks to promote these events, without SHRM's consent, and (iii) acting against SHRM's best interests.

63.    SHRM has been irreparably harmed by NCHRA's actions and will continue to be irreparably harmed if NCHRA is allowed to proceed with the events.

## Count 2
## Trademark Infringement
## (15 U.S.C. § 1114(1))

64.    SHRM repeats and restates the foregoing allegations of the Complaint as if set forth at length herein.

65.    SHRM has federally registered trademarks on its name, the acronym "SHRM," and various logos.

66.     SHRM's trademarks are valid and active.

67.     NCHRA has used and is continuing to use SHRM's trademarks in commerce without SHRM's consent in a manner that is likely to cause confusion among members of the human resource industry, especially among industry members located in Northern California, Seattle, Phoenix, and Las Vegas.

68.     Industry members will likely perceive that SHRM is endorsing, or co-sponsoring, NCHRA's Seattle, Phoenix, or Las Vegas Events.  Members will likely be confused as to which SHRM chapter they should join, and they will likely believe that NCHRA serves a broader geographic area than it does.

69.     NCHRA's conduct is willful and causing SHRM immediate and irreparable injury and will continue to damage SHRM and deceive the public unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, SHRM prays for a judgment against NCHRA as follows:

1.     Preliminary and permanent injunctive relief prohibiting NCHRA from: (1) proceeding with its planned Seattle, Las Vegas, and Phoenix events, as well as any other planned events or marketing efforts outside of its Northern California territory; (2) using SHRM trademarks in connection with these events, or any events outside of NCHRA's territory; and (3) using the "HR West" brand in any NCHRA activities outside of its Northern California territory;

2.     A declaration that NCHRA has breached its contract with SHRM by planning events outside its agreed-upon territory and doing so against SHRM's interests and while using SHRM trademarks without SHRM's consent;

3.     For the costs of filing this action in the amount of $400;

4.    For attorney's fees and costs incurred in this action, in the amount to be

determined at a later date; and

5.    For such other relief as this Court deems appropriate.


Dated: May 31, 2016

Respectfully submitted:

*Attorneys for Society for Human Resource Management*

Michael Warley (VA Bar: 88075)
Jerald A. Jacobs (*Pro hac forthcoming*)
Alvin Dunn (*Pro hac forthcoming*)
Sara E. Stinson (*Pro hac forthcoming*)
Pillsbury Winthrop Shaw Pittman, LLP
1200 Seventeenth Street NW
Washington, DC  20036-3006
Tel:  (202) 663-8000
Fax:  (202) 663-8007
michael.warley@pillbsburylaw.com
jerry.jacobs@pillsburylaw.com
alvin.dunn@pillsburylaw.com
sara.stinson@pillsburylaw.com